Eduard Zavalunov,
Reg No. 71712-054
LSCI Allenwood
P O Box 1000
White Deer, PA 17887

**FILED
SCRANTON**

DEC 26 2018

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EDUARD ZAVALUNOV,                                    :

            Plaintiff/Petitioner,         :

    v.                                              :

DOUGLAS K. WHITE - WARDEN - LSCI ALLENWOOD;  :

FEDERAL BUREAU OF PRISONS;                          :

JOHN DOE #1 - CURRENT DIRECTOR OF              :

  IMMIGRATION AND CUSTOMS ENFORCEMENT,         :

          Defendants/ Respondents.      :

                                     1:18-cv-02438-RDM-CA

                        :

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND OR
### PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Plaintiff, Eduard Zavalunov ("Zavalunov"), seeks declaratory and injunctive relief against Defendant/ Respondent, Douglas K. White - Warden LSCI Allenwood (hereinafter "Warden"), the Federal Bureau of Prisons (hereinafter "BOP"), John Doe #01 - Current Director of Immigration and Customs Enforcement (hereinafter "ICE"), and its officers of enforcement and removal operations in their official capacity (cllectively "Defendants") as follows:

Plaintiff alleges based upon personal knowledge, review of documents or otherwise upon information and belief:

### NATURE OF ACTION

1.  This is an action brought under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq., the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1331, 28 U.S.C. § 1343, the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 65 of the Federal Rule of Civil Procedure for injunctive relief to remedy the Defendant's/

1

Respondent's pattern and practice of ultra vires conduct in excess of statutory authority and in deprivation of Zavalunovs' and other's procedural and substantive due process rights.

2.  In an effort to provide inmates who are subject to removal or deportation, The Defendants have engaged and continues to engage in a pattern and practice of discriminating against inmates based solely on their national origin by reffering their names to ICE for investigation which includes U.S. Citizens and lawful permanent residents and to place detainers without documentation or a finding that the person poses an escape risk to deprive them of their statutory rights to consideration of RRC placement under 18 U.S.C. § 3624(c), reduction in custody and participating or consideration to participate in incentive rehabilitative programs which would shorten and reduce the amount of their sentences pursuant to 34 U.S.C. § 60541 in conjunction with 18 U.S.C. § 3621(e) (i.e. RDAP). This pattern and practice by the Defendants is in excess of their statutory authority, is otherwise contrary to law and violates Zavalunov's 4th, 5th, and 14th Amendment Constitutional rights.

3.  To redress irreparable harm of his rights, Plaintiff seeks declaratory and injunctive relief.

## PARTIES

4.  The Plaintiff, Eduard Zavalunov, is an individual currently in the custody of the Attorney General of the United States as delegated to the Federal Bureau of Prisons and the Warden.  His register number is 71712-054 and mailing address is P. O. Box 1000, White Deer, PA 17887.  Zavalunov is in custody for violation of an Act of Congress and serving a sentence.

5.  Defendant, Douglas K. White is the Warden at LSCI Allenwood and has been delegated supervisory authority and power over the day to day operation of all aspects of the operation and management of Allenwood LSCI and its personnel.  As Warden, he is responsible for ensuring compliance with all established rules, regulations, policy, laws and the Constitution including policies of immigration detainers and receipt of the required documents as well as decisions affecting RRC placement and participation in incentive programs that will shorten sentences.

6.  Defendant Federal Bureau of Prisons is an agency of the United States Department of Justice, an agency of the United States.  The BOP is responsible for

2

overseeing and providing oversight over the Warden at LSCI and providing support and review of actions taken by the Warden. The BOP is charged with ensuring compliance with all rules, regulations, policies, laws and constitutional rights of inmates.

7. Defendant John Doe #01 is the Director of the Bureau of Immigration and Customs Enforcement. As Director, he is responsible for the removal of aliens with orders of removal or warrants for removal as well as ensuring compliance with all applicable federal regulation, laws and the Constitution. The Director oversees the day to day operations of the ICE and its removal operations. At all times relevant the defendants acted through their agents and employee, all of whom were duly qualified and acting as federal officers. The Director also has responsibility for all operations of ICE including authority over ICE policies, procedures and practices, challenged for this law suit. Defendant John Doe #01 is sued in their official capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, et seq., 28 U.S.C. 1331.

9. This Court authority to grant declaratory judgment pursuant to 28 U.S.C. § 2201.

10. This Court has authority to grant injunctive relief in this action pursuant to 5 U.S.C. § 702 and Rule 65 of Fed.R.Civ.P.

11. Alternatively, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241, as the issuance of a detainer requiring or requesting detention or depriving libtery in connection when there is an impact by such detainers places the plaintiff petition in a form of custody. "Custody" does not require physically or actually present.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and ommissions giving rise to Plaintiff/Petitioner's claim occurred and where to occur, in this District.

13.   Venue is proper in this judicial district because the principal defendant/ respondent/custodian to detain the Plaintiff is located in this district such that this Court has jurisdiction over Plaintiff/Petitioner and the custodian/ Warden and other defendants.

## FACTUAL ALLEGATIONS

14.   Plaintiff, Eduard Zavalunov is a federal prisoner confined at LSCI Allenwood in White Deer, Pennsylvania. Plaintiff's projected release date is June 18, 2020. and a Home Confinement date of February 19, 2020.

15.   Plaintiff was born in what was Tajikistan, and came to this country and was granted political asylum through his father Lev Zavalunov on June 3, 2004. See Exh. ' A .' Plaintiff is a stateless person as the place of his birth does not recognize his citizenship as it no longer exists.

16.   Plaintiff was arrested on December 3, 2014 on federal charges of conspiracy to commit mail fraud, wire fraud and health care fraud, in violation of 18 U.S.C. § 1349. Plaintiff was granted pre-trial release during the pendency of his case.

17.   Plaintiff subsequently plead guilty to the charges of conspiracy to commit mail, wire and healthcare fraud, in violation of 18 U.S.C. § 1349. See United States v. Zavalunov, No. 14 Cr. 773 (S.D.N.Y., 2017). On May 19, 2017 the Hon. Ronnie Adams sentenced Plaintiff to a term of 40 months imprisonment, and 3 years supervised release. Plaintiff was allowed to self surrender on July 24, 2017. See Exh. ' B .'

18.   On or about July, 2017 the Defendants submitted Plaintiff's information to ICE solely on the basis of the former country where he was born. On October 16, 2017 the Defendants placed a detainer based on "probable cause exists that the subject is aremovable alien. This has been determined by DHS." ICE did not provide a warrant, warrant for removal, a detainer notice of action (I-247) or evidence that Plaintiff will escape. See Exh. ' C .'

19.   Plaintiff dispatched a letter to the Department of Homeland Security/ ICE Office of Counsel on August 15, 2018 regarding the detainer. The Defendant ICE has not responded. See Exh. ' D .'. The correspondence identified the deprivation of rights.

20.   On July 26, 2018 Plaintiff failed a BP8 - Informal Resolution Form with the Warden requesting removal of the detainer as it was denying him consideration for RRC placement and consideration to participate in incentive programs which would shorten his sentence.  The filing also requested copies of the detainer documentation. The informal resolution was denied without production of the detainer documentation. See Exh. ' E '.

21.   On August 5, 2018  Plaintiff appealed the BP8 to the Warden's office via a formal BP9 requesting consideration for RRC and participation in incentive programs. The Warden denied relief based on the detainer and also refused to provide the documentation regarding the detainer.  See Exh. ' F '.

22.   On September 10, 2018 Plaintiff appealed the BP9 to the Regional Director's Office via BP10 requesting consideration for RRC and participation in incentive programs as well as the documentation for the detainer.  The Regional Director denied relief based on the detainer.  See Exh. ' G '.

23.   On October 21, 2018 Plaintiff appealed the BP10 to the Office of General Counsel via a BP11 reuqesting consideration for RRC and participation in incentive programs as well as the documentation for the detainer.  The General counsel has not responded within the allotted time frame.  An untimely response is deemed a denial.  See Exh. ' H '.

24.   During this time period Plaintiff submitted a FOIA request to the BOP requesting a copy of the ICE documentation to place a detainer.  The BOP only produced it's own internally generated Detainer Action Letter.  See Exh. ' I '.

### RESIDENTIAL REENTRY CENTERS

25.   Pursuant to 18 U.S.C. § 3624, mandates that the BOP prepare Plaintiff for re-entry into the community, by interalia, transferring him to an RRC for a portion of the final months of his term of imprisonment, however, in no case longer than twelve (12) months.  BOP policy specifically instructs staff to review inmates 17-19 months before their projected release date for RRC placements.[1]

26.   18 U.S.C. § 3624(c) provides, in relevant part:

> (c) Pre-release custody.
>
>> (1) in general -- The Director of the BOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that

[1] U.S. Dept. of Justice, Fed. Bureau of Prisons Memorandum for Chief Executive Offcrs.

term (not to exceed 12 months), under conditions to aid in
preparing for reentry of that prisoner into the community.  Such
conditions may include a community correction facility. Id.

27.   When amending 18 U.S.C. § 3624 via the Second Chance Act ("SCA"), Congress
ensured to announce its intention not to limit the BOP's existing authority to
determine the prisoner's place of an inmate's confinement:

18 U.S.C. § 3624(c) provides, in relevant part:

no limitations - Nothing in this section shall be construed to
limit or restrict the authority of the Director of the BOP under:
18 U.S.C. § 3621.

28.   The BOP regulations implementing § 3624 is codified at 28 C.F.R. § 570.22,
which provides:

"inmates will be considered for pre-release community confinement in a
manner consistent with 18 U.S.C. § 3621(b) determined on an individualized
basis, and of sufficient duration to provide the greatest likelihood of
successful reintegration into the community, within the time-frames set
forth in 28 C.F.R. § 570.22."

### FEDERAL PRISONER REENTRY INITIATIVE ("FPRI")

29.   In enacting FPRI, Congress mandated the BOP to conduct various activities
to establish an FPRI program to (G) provide incentives for prisoner participation
in skills developments; and (2) Incentives for a prisoner who participates in re-entry
and skills development programs which may include (A) the maximum allowable period of
community confinement facility; (B) such other incentives as the Director considers
appropriate.

30.   In implementing FPRI, the BOP established the Residential Drug Treatment
Program ('RDAP").  28 C.F.R. §550.54 provides:  Incentives for RDAP participation,
(iv) early release, if eligible under 28 C.F.R. § 550.55 of up to a period not to
exceed twelve months.  See also 18 U.S.C. § 3621(e)(2)(A).

31.   As a statutory right, a federal prisoner who participates in incentive
programs have a right to be considered for participation in these programs which
whould shorten their period of confinement up to one year.

6

## BOP DETAINER POLICY

32.  Pursuant to BOP Policy PS 5800.15 "federal authorities are not required to provide certified copies of warrants/ abstracts to lodge a detainer in their favor. The nature of the Federal detainer, however, must be clear on the documentation presented to the institution... "US Marshals Service (USMS) and Immigration and Customs Enforcement (ICE) detainers)..."Warrants are not required when the USMS or ICE files a Federal detainer.  Ordinarily, the USMS will use their detainer request (Forms M-16A-D or M-17) and ICE will use their Immigration detainer Form."

33.  As a matter of habit and routine practice the BOP has placed ICE detainers on inmates without ICE submitting the Immigration Detainer Form and the only document that exists is the BOP generated Detainer Action Letter ("DAL").

34.  This policy, practice and pattern is at odds with federal regulations and ICE regulations, 8 C.F.R. 287.

## ICE DETAINER REQUIREMENTS

35.  Pursuant to 8 C.F.R. § 287.7--

(a) Detainer in general.  Detainers are issued pursuant to section 236 and 287 of this chapter.  Any authorized immigration officer may at anytime issue a Form I-247, Immigration detainer - Notice of Action, to any other Federal, State or local Law Enforcement Agency ("LEA").  A detainer serves to advise another LEA that the Department seeks custody of an alien presently in the   custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency, advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody in situations when gaining immediate physical custody is either impracticable or impossible.

(d) Temporary detention at Department request.  upon determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for aperiod not to exceed 48 hours, excluding Saturday, Sunday and holidays in order to permit assumption of custody by the Department.

36.  As a general rule, it is not a crime for a removable alien to remain present in the United States.  See Arizona v. United States, 567 U.S. 387 (2012).

37.  Pursuant to ICE Policy No. 10074.20, ICE detainers are to be accompanied by a Form I-200 (Warrant for arrest of alien), or a Form I-208 (warrant of removal/

deportation) either of which must be signed by an authorized ICE officer.

38.   One Form utilized by ICE, Form I-247 (Immigration Detainer - Notice of Action) provides, "this action does not limit [the LEA] discretion to make decisions related to this person's custody classification, work, quarter, assignments, or other matters." Yet the BOP has utilized the detainers to deny inmates transfers to their possible release locations (nearer release transfer), denied them a access to incentive programs such as RDAP and consideration for RRC.

39.   Under federal law, immigration officers may arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." If a "warrant [is] issued by the Attorney General." See 8 U.S.C. § 1226(a).  Statutory authority for warrantless enforcement actions, including the issuance of detainers is provided in 8 U.S.C. § 1357.  Without a warrant, immigration officers are authorized to arrest an alien only if they have reason to believe that the alien so arrested is in the United States in violation of an [immigration] lawor regulation and is likely to escape before a warrant can be obtained for his arrest." Id. § 1357(a)(2). See also 8 C.F.R. § 287.8(c)(2)(i).  ("An arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States.  The provision specifies that in order to issue a detainer for an alien who have violated Controlled Substance laws, immigration officers require a "reason to believe" that the alien may not have been lawfully admitted to the United States or otherwise is not lawfully present in the United States.

40.   The defendants in this action acted negligently by their overbroad and over use of immigration detainer and their regulations, policies, practices, acts and ommissions, thereby subjecting Plaintiff/Petitioner to deprivation of their liberty and other liberty matters; as well as, the inescapable extended detention and / or false arrest that awaits such individuals after such lawful custody of the individuals by others has expired, whereby Plaintiff / Petitioner is caused injury and had been inflicted and caused pain and suffering due to such negligent acts and or such acts continue and will continue unless this Court provides the relief sought.

41.   There are questions of law and fact raised in this Complaint:
   a. Whether Defendants have exceeded their constitutional authority under
      5 U.S.C. § 706(2) in on Plaintiff and depriving him of their liberty or

other liberty matters by such placed detainers including whether promulgation of 8 C.F.R. 236.1(a) and 8 C.F.R. 287.7 exceed Defendants statutory authority.

b. Whether Defendants issuance of an immigration detainer instructing further detention based on either (1) initiation of an investigation to determine whether the Plaintiff is removable (2) that there is reason to believe the Plaintiff is an alien subject to removal violates the Fourth Amendment.

c. Whether Defendant issuance of an Immigration Detainer without a prior or concurrent Notice to Appear or charging document, an administrative warrant, an order of deportation or compliance with 8 U.S.C. § 1357(a)(2) violates the Fourth Amendment.

d. Whether Defendant issuance of an immigration detainer without providing or requiring notice to Plaintiff violate the Fifth Amendment.

e. Whether Defendants by the issuance and application of immigration detainer regulation policies, practices, acts, and omissions that are depriving Plaintiff of their liberty and other liberty matters have also violated the Constitutional rights to liberty and due process of the law, as well as being free from illegal warrantless seizure.

f. Whether Plaintiff/Petitioner equal protection of the laws due to the use of immigration detainers by Defendants to detain by way of individual names, places of birth, national origin, or other biased or discriminatory information is against the laws and Constitution of the United States and or such practice is considered racial profiling and also against the law and Constitution of the United States in violation of 28 C.F.R. 551.90 and the 14th Amendment.

g. Whether depriving Plaintiff of his liberty matter is atypical and significant hardship and that such statutes and policies confer a liberty interest in being free from the constraints imposed against persons subject to immigration detainers.

h. Whether the defendants can deny Plaintiff consideration for participation in RRC and incentive programs on the basis of an improper detainer

BOP POLICY REGARDING RRC

42. Under 18 U.S.C. § 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." The "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c). The BOP may also decide "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Id. The director may extend this time frame, as no limitation was placed on the director's discretion.

43. In determining placement, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner, (4) any statement by the sentencing court recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621(b). While the BOP is required to consider these factors, the recommendation of a sentencing court regarding where a prisoner should be housed has "no binding effect" on the BOP's decision. Id. When considering an individual's eligbility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made (a) consistent with the five factors in 18 U.S.C.§ 3621(b); (B) on an individualized basis; and (c) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

44. "In addition to the individual determination under section 3621(b), a prisoner's participation in, or completion of, Inmate Skills Development programs within the institution is considered separately to determine if additional placement time is warranted as an incentive" under 34 U.S.C. § 60541, the Federal prisoner reentry initiative. This statute requires the BOP to "provide incentives for prisoner participation in skills development programs." 34 U.S.C. § 60541(a)(1)(G). One such incentive may "at the discretion of the [BOP] include the maximum allowable period in a community confinement facility." 34 U.S.C. § 60541(a)(2)(A)).

45. BOP policy "specifically instruct[s] prison staff that all "inmates must be reviewed for prerelease RRC placements 17-19 months before their projected release

10

dates.  U.S. Dep't of Justice, Fed. Bureau of Prisons, Memorandum for Chief Exec. Officers (November 14, 2008)(available at https://www.bop.gov/foia/docs/secondchance actmemosfrom2008.pdf).  In addition, BOP policy states that the length of RRC placement must be determined on an individual basis, and the RRC placement is most effective, in terms of recidivism reduction for inmates who are at higher risks. Id.

## FIRST CLAIM FOR RELIEF
## Violation of 18 U.S.C. § 3624

46.  Plaintiff/Petitioner re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 45.

47.  The current policy and program statement implemented and adhered to by The Federal Bureau of Prisons of placing ICE detainers without the required forms and or determination that the prisoners will likely escape, operates as to produce a result which precludes the Plaintiff from being CONSIDERED individually for placement in a Residential Reentry Center as mandated by section 3624(c) or to earn incentives which could result in a shorter term of imprisonment under 34 U.S.C. § 60541 and 18 U.S.C. § 3621(e).

48.  The plaintiff has a statutory right to be considered individually for placement in a RRC or to be considered for incentives based on program participation.

49.  While an inmate may be transferred to an RRC or earn a shorter period of time to be served, they remain within the custody of the BOP during such periods, thus Plaintiff would still be subject to BOP authority at an RRC.

50.  The BOP knows, should know, or has consciously avoided knowing that its existing policy of improperly placing detainers without the appropriate documents and determination of an escape risk violates an inmates. specifically the Plaintiff's rights to individual consideration for RRC placement and programs to earn incentives.

51.  Without the intervention of the United States District Court in the manner and of the kind prayed for herein, the BOP will be allowed to knowingly and willfully violated the plaintiff's statutory right to individual consideration for placement in an appropriate RRC and program to earn incentives.

## SECOND CLAIM FOR RELIEF
### Violation of 5 U.S.C. § 706(2)(A)-(D))

52.  Plaintiff/Petitioner re-allege and incorporate by reference each and every allegation contained in paragraph 1 through 51.

53.  Defendants' failure to restrict its issuance of detainers to its authority and misuse of detainers under the INA causes Plaintiff/Petitioners significant prejudice by depriving them of their liberty and other liberty matters.

54.  Defendants' failure to issue and use detainers in accordance with due process protections required by the relevant provisions of the INA (8 U.S.C. § 1226(a), 8 U.S.C. § 1357(a)(2) and 8 U.S.C. § 1357(d)) causes Plaintiff/Petitioner significant pain and suffering by depriving him of his liberty and other liberty matters.

55.  Defendants application of the immigration detainer regulations and issuance of detainers against the Plaintiff/Petitioners and the misuse of such detainers against them exceeds the Defendant's constitutional and statutory authority in violation of 5 U.S.C. § 706(2)(A)-(D).

56.  As a proximate result of the Defendant's statutory and constitutional violations, Plaintiff/Petitioner is suffering and will continue to suffer a significant deprivation of their liberty without due process of law.  Plaintiff/ Petitioners have no plain, adequate or complete remedy at law to address the wrongs described herein.  The injunctive and declaratory relief sought by Plaintiff/ Petitioner is necessary to prevent continued and future injury.

## THIRD CLAIM FOR RELIEF
### Violation of the Fourth Amendment to the U.S. Constitution

57.  Plaintiff re-alleges and incorporate by reference each and every allegation contained in paragraph 1 through 56.

58.  Defendants' issuance and use of immigration detainers based solely on either the (1) initiation of an investigation into the Plaintiffs/Petitioners removability from the United States or (2) on a determination that there is a reason to beleive an alien is subject to removal causes the Plaintiff/Petitioner prejudice by

by unreasonably taking away, limiting, and otherwise impacting their liberty and other liberty matters without probable cause in violation of the Fourth Amendment.

59.  Defendant's warrantless arrest of Plaintiff/Petitioner through the issuance and use of detainers impacting their other matters and liberty without providing a prompt hearing to determine whether Defendant's have probable cause unreasonably deprives them of liberty and impacts their liberty without probale cause unreasonably deprives them of liberty and impacts their liberty without probable cause in violation of the Fourth Amendment.

60.  Defendants detainer regulations, policies, practices, acts and omissions cause unreasonable deprivation of Plaintiff/Petitioners liberty and impacts their other liberty matters relating to their liberty in violation of the Fourth Amendment to the United States Constitution.

61.  As a proximate result of Defendant's unconstitutional detainer regulations, policies, practices, acts and omissions, Plaintiff/Petitioner are suffering and will continue to suffer unreasonable deprivation of their liberty and their other liberty matters.  Plaintiff/Petitioner have no plain, adequate or complete remedy at law to address the wrongs described herein.  The injunctive and declaratory relief sought by Plaintiff/Petitioners is necessary to prevent continued and future injury.

FOURTH CLAIM FOR RELIEF<br>Violation of the Fifth Amendment to the U.S. Constitution

62.  Plaintiff/Petitiiner re-alleges and incorporate by reference each and every allegation contained in  paragraph 1 through 61.

63.  Defendants issuance and use of immigration detainers based solely on either (1) the initiation of investigation into the Plaintiff/Petitioner removability from the United States or (2) on a determination that there is a reason to believe an individual is an alien subject to removal causes the Plaintiff/Petitioner significant pain and suffering by depriving them of their liberty and other liberty matters relating to their liberty without due process of law.

64.  Defendants issuance and use of immigration detainers without requiring that Plaintiff/Petitioner receive effective notice of the detainer causes them to suffer

substantial prejudice without affording them an opportunity to be heard prior to
the deprivations.

65.  Defendants failure to provide any mechanism by which the Plaintiff/Petitioner
may challenge the issuance and use of a detainer against them causes the Plaintiff/
Petitioner substantial prejudice by depriving them of their liberty and other liberty
matters without due process of law.

66.  Defendant's detainer regulation, policies, practices, acts and omissions
cause significant deprivations of Plaintiff/Petitioner's liberty and impacts their
other liberty matters relating to their liberty without due process of law in violation
of the Due Process Clause of the Fifth Amendment to the United States Constitution.

67.  As a proximate result of Defendant's unconstitutional detainer regulations,
policies, practices, acts, and omissions, Plaintiff/Petitioner are suffering and will
continue to suffer a significant deprivation of their liberty and their other liberty
matters without due process of law.  Plaintif/Petitioner have no plain, adequate or
complete remedy at law to address the wrongs described herein. The injunctive and
declaratory relief sought by Plaintiff/Petitioner is necessary to prevent continued
and future injury.

FIFTH CLAIM FOR RELIEF

VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION

68.  Plaintiff/Petitioners re-allege and incorporate by reference each and every
allegation contained in paragraph 1 through 67.

69.  The acts complained of in this suit concern the referral of Plaintiff/
Petitioner's name to ICE for consideration of deportation or removal proceedings.

70.  The Plaintiff was discriminated in the manner solely because of his national
origin and treated differently than other non-foreign born individuals or non-jews.

71.  The Defendants specifically the BOP has established a practice, policy and
act of reffering the names of individuals hwom are foreign born whom are American
naturalized citizen for deportation and removal proceedings as others with legal
status solely based on their national origin.

14

72.  The facts sorround his claim of national origin discrimination are based on the defendant's placement of immigration detainers on individuals solely based on the national origin to deny them their statutory right for consideration of release to an RRC or other lesser custody or home confinement.

    a.  The defendants are required by regulation to demonstrate that there has been a determination that the person will escape prior to the issuance of a warrant.

    b.  The defendants have yet to produce a warrant or documentation authorization so plaintiff can challenge the detainer.

    c.  Denied Due process without notice and opportunity to be heard.

    d.  Other inmates who are not listed as foreign born or missing citizenship information are not subject to this exclusion or detainer.

    e.  It is the BOP policy not only to detain anyone who has an immigration but to detain persons named in immigration detainers issued without probable cause.

73.  As a proximate result of Defendant's unconstituional detainer regulations, polcies, practices, acts, and omissions, Plaintiff/Petitioner is suffereing and will continue to suffer from the denial of equal  protection of the law under the 14th Amendment.  Plaintiff has no plain, adequate or complete remedy at law to address the wrongs described herein.  The injunctive and declaratory relief sought by Plaintiff/ Petitioner is necessary to prevent continued and future injury.

## SIXTH CLAIM FOR RELIEF
### Petition for Writ of Habeas Corpus

74.  Plaintiff/Petitioner re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 73.

75.  This claim for relief is brought as an alternative to the first four claims for relief, above, in the event the court were to rule that the proper or only vehicle for relief is by writ of habeas corpus.

76.  The issuance of a detainer in itself constitutes custody for the purposes of 28 U.S.C. § 2241.

77.  Plaintiff/Petitioner has exhausted his administrative remedies.

78.  The issuance and use of a detainer against Plaintiff/Petitioner in the absence of probable cause results in detention and deprivation of other matters affecting and impacting liberty in violation of the laws or Constituion of the United States.

79.  The issuance and use of a detainer against Plaintiff/Petitioner in the absence of procedural protections such as notice and an opportunityt o be heard, results in detention and deprivation of other liberty matters in affecting and impacting liberty in violation of the laws or Constitution of the United States.

80.  The issurance of detainers against Plaintiff/Petitioners that compel and impacts other to administer a federal regulatory program resulting in detention and deprivation of other liberty matters which impacts and affects liberty are in violation of the laws or Constittuion of the United States.

SEVENTH CLAIM FOR RELIEF  - DECLARATORY AND INJUNCTIVE RELIEF

81.  Plaintiff/Petitioner re-alleges and incorporate by reference each and every allegation contained in paragraph 1 through 80.

82.  The Declaratory Judgment Act, 28 U.S.C. § 2201, grants this Court authority to declare the Plaintiff legal rights when an actual controversy exists.

83.  Plaintiff and defendants have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment in accordance with 28 U.S.C. § 2201.

84.  For the reasons stated above, Plaintiff is entitled to a declaration of his rights.

85.  A failure to enjoin the Defendants unconstitutional and unlawful conduct has and will continue to cause Plaintiff to suffer injury in that it will result in the

deprivation of his 5th Amendment Due Process rights and protections gainst agency action that is arbitrary, capricious, in bad faith, or contrary to law.

86.  No adequate remedy at law exists.

87.  Defendant's unconstitutional and unlawful conduct will also adversely affect the interests of numerous prisoners without advancing public interests.

88.  Plaintiff is entitled to injunctive relief enjoining Defendants from continuing their unconstitutional and unlawful pattern and practice of conduct as alleged in this complaint.

89.  Defendants have no protectable interset in the continuation of their unconstitutional and unlawful conduct.

### DECLARATORY RELIEF

90.  Pursuant to Section 2201(a) of Title 21, a judgment declaring:

1.  That 18 U.S.C. § 3624, as amended by the SCA, confers upon the plaintiff a right to be considered, individually, for placement in an appropriate BOP RRC;

2.  That pursuant to the SCA and 34 U.S.C. § 60541 a prisoner has a right to be considered for participation in incentive programs which would shorten their term of imprisonment;

3.  That the BOP's current policy of blindly and automatically lodging detainers against inmates, specifically, the plaintiff acts as a constructive violation of Plaintiff's rights under 18 U.S.C. 3624;

4.  That the BOP does not have the discretion to NOT perform an individual reconsideration of Plaintiff's for placement in an appropriate RRC;

5.  The BOP does have discretion to decline to honor a request for a detainer without appropriate documentation and showing that the prisoner will escape prior to the issuance of a warrant.

17

INJUNCTIVE RELIEF

91.  Pursuant to Rule 65, Fed.R.Civ.P. the Plaintiff requests an injunction ordering the BOP to disregard and remove all detainers lodged by ICE without documentation and evidence of a hearing by a judicial officer showing the person will escape, in favor of conducting the individual consideration of the Plaintiff and others similarly situated for RRC placement as required by 18 U.S.C. § 3624 or in the alternative, to conduct such individualized consideration not withstanding the existance of the voluntary ICE detainers.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Petitioner respectfully request that the Court:

a.  Appoint counsel to represent the Plaintiff/Petitioner;

b.  alternatively, to permit the action to proceed as a habeas;

c.  Issue a judgment declaring the Defendants' detainer regulations, policies, practices, acts, and omissions decribed herein as applied to the Plaintiff/Petitioner are unlawful and exceed defendant's constitutional and statutory authority in violation of 5 U.S.C. 706(2)(A)-(D);

d.  Issue a judgment declaring that Defendant's detainer regulations, policies, practices, acts, and omissions described herein are unlawful and violate Plaintiff/ Petitioners rights under the Fifth Amendment to the U.S. Constitution;

e.  Issue a judgment declaring that Defendant's detainer regulations, policies, practices, acts, and omissions described herein are unlawful and violate Plaintiff/ Petitioner's 14th Amendment rights under the Constitution;

f.  Issue a judgment declaring that Defendant's detainer regulations, policies, practices, acts, and omissions described herein are unlawful and violate Plaintiff/ Petitioner's Fourth Amendment rights under the Constittuion;

g.  Issue a judgment declaring that the Defendant's detainer regulations, policies, practices, acts, and omissions to deny Plaintiff/Petitioner consideration for RRC placement is in violation of 18 U.S.C. § 3624 and the Second Chance Act;

h.   Permanently enjoin Defendants, their subordinates, agents, others acting in concert with them from subjecting Plaintiff/Petitioner to these statutory violations and unconstitutional interpretation and application of regulations, policies, practices, acts and omissions described herein, and issue injunctive relief sufficient to rectify those statutory and constitutional violations;

i.   Grant Plaintiff/Petitions' their reasonable attorney fees and cost pursuant to 28 U.S.C. § 2412, and others applicable law;

j.   Grant such other relief that this Court deems just, proper and necessary in these circumstance.

I declare the foregoing to be true and correct to the best of my knowledge and belief under penalty of perjury.

Respectfully submitted,

By:   _____
      Eduard Zavalunov

EXHIBIT A

IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL.,RM1237
NEW YORK, NY  10278

In the Matter of

ZAVALUNOV, LEV
     Respondent

Case No.: A95-149-175

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jun 3, 2004.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
                                                or in the alternative to

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to

[ ]  Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to

[✓]  Respondent's application for asylum was ( X )granted ( )denied
     ( )withdrawn.

[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)  ( ) granted under section 240A(b)(2)
     ( ) denied ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted ( )denied ( )withdrawn or ( )other.

[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[ ]  Respondent's status was rescinded under section 246.

[ ]  Respondent is admitted to the United States as a _____ until _____.

[ ]  As a condition of admission, respondent is to post a $ _____ bond.

[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.

[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[ ]  Proceedings were terminated.

[ ]  Other: _____

Date: Jun 3, 2004
Appeal: Waived/Reserved   Appeal Due By:

ROBERT D. WEISEL
Immigration Judge

MTT

ALIEN NUMBER: 95-143-175

ALIEN NAME: ZAVALUNOV, LEV

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:   MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: ___6\5\0___  BY: COURT STAFF _____
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Q6

EXHIBIT B

```
 ALFB6  540*23 *            SENTENCE MONITORING        *    07-24-2018
 PAGE 001        *           COMPUTATION DATA          *    12:11:19
                            AS OF 07-24-2018
```

REGNO..: 71712-054 NAME: ZAVALUNOV, EDUARD


```
FBI NO...........: 208815MF2          DATE OF BIRTH: ●●-●●-1981  AGE:  36
ARS1.............: ALF/A-DES
UNIT.............: BRADY               QUARTERS.....: B07-551L
DETAINERS........: YES                 NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 02-19-2020

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 06-18-2020 VIA GCT REL


```
----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------
```

```
COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: S1 14 CR. 773-03 RA)
JUDGE...........................: ABRAMS
DATE SENTENCED/PROBATION IMPOSED: 05-19-2017
DATE COMMITTED..................: 07-24-2017
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00         $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $13,795,268.00

```
------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  153
OFF/CHG: 18:1349 CONSPIRACY TO COMMIT MAIL FRAUD, WIRE FRAUD AND HEALTH
         CARE FRAUD
```

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    40 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 12-03-2014
```

G0002      MORE PAGES TO FOLLOW . . .

```
ALFB6   540*23 *              SENTENCE MONITORING           *     07-24-2018
PAGE 002            *         COMPUTATION DATA              *     12:11:19
                              AS OF 07-24-2018
```

REGNO..: 71712-054 NAME: ZAVALUNOV, EDUARD


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-28-2017 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-01-2017 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 07-24-2017
TOTAL TERM IN EFFECT............:    40 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS        4 MONTHS
EARLIEST DATE OF OFFENSE........: 12-03-2014

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    12-03-2014     12-03-2014

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 157
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 06-18-2020
EXPIRATION FULL TERM DATE.......: 11-22-2020
TIME SERVED.....................:     1 YEARS        2 DAYS
PERCENTAGE OF FULL TERM SERVED..: 30.1

PROJECTED SATISFACTION DATE.....: 06-18-2020
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: 7-28-17:COMP ENTERED;V/S ON 7-24-17ALF.D/KXR


G0002        MORE PAGES TO FOLLOW . . .

EXHIBIT C

```
   ALFB6  540*23 *            SENTENCE MONITORING           *      07-24-2018
PAGE 003 OF 003 *            COMPUTATION DATA              *      12:11:19
                               AS OF 07-24-2018
```

REGNO..: 71712-054 NAME: ZAVALUNOV, EDUARD


---------------------------- CURRENT DETAINERS: ----------------------------

DETAINER NO..: 001
DATE LODGED..: 10-16-2017
AGENCY.......: IMMIGRATION & CUSTOMS ENFORCE
AUTHORITY....: US BICE, ERO ALLENWOOD SUB OFFICE, ALLENWOOD, PA 17810
CHARGES......: DEPORTATION INVESTIGATION -TAJIKISTAN-A098828559


S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

EXHIBIT D

Department of Homeland Security (DHS)                    Eduard Zavalunov
Office of Chief Counsel                                  Reg. No. 71712054
3400 Concord Rd.                                         FCI Allenwood Low
York, PA 17402                                           PO Box 1000
                                                        White Deer, PA 17887


August 15, 2018


RE:  Eduard Zavalunov
     Case No.: (A#: A805098956)


To Whom It May Concern:

        My name is Eduard Zavalunov.  I am currently an inmate at the Low Security
Correctional Institution, Allenwood at White Deer, Pennsylvania.  I am writing
regarding the detainer/investigation placed on me by the BOP, of which DHS
has provided no follow-up information in furtherance and am therefore requesting
that this be lifted as it is currently preventing me from entering RDAP drug
and alcohol treatment program offered within the BOP.  My FOIA request responses
and those from within the BOP have confirmed no further action on this issue.
Enclosed, please find a copy of the official ORDER OF THE IMMIGRATION JUDGE
pursuant to my father, Lev Zavalunov, under whom I am granted political asylum,
on June 3, 2004.  I am a "stateless" person and as such am not deportable
and ask that this investigation be oficially removed.  Please feel free to
contact me with any questions or information you may need from me.
        Thank you. I look forward to a response from you regarding this matter.


Enclosure:                          _____
Copy of ORDER OF IMMIGRATION JUDGE  Eduard Zavalunov/71712054
                                    FCI Allenwood Low
                                    PO BOX 1000
                                    White Deer, PA 17887

EXHIBIT E

Zavaluner #6
E

PLR-1330.16
January 1, 2009
Attachment 1

# FEDERAL CORRECTIONAL COMPLEX
## Allenwood, Pennsylvania

### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

NOTE TO INMATE:  You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP 229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: _____ (Initials of Correctional Counselor)
Date Issued To The Inmate: __7-23-18__

INMATE'S COMMENTS:

1.  Complaint: I am requesting participation in RDAP and consideration for early release.  I am a lawful permanent resident eligible for RDAP.  I understand that I am being investigated for possible deportation, however, I have not been deemed deportable, thus I am eligible and my paperwork should be submitted to DSCC.

2.  Efforts you have made to informally resolve: __Psychology__

3.  Names of staff you contacted:  Psychology staff

Date Returned to Correctional Counselor: __7-26-18__

_____         __71712-054__         __7.25.18__
Inmate's Signature                  Reg. Number              Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1.  Efforts made to informally resolve and staff contacted: An ICE detainer was lodged on 10-1-17. Inmates are not eligible for RDAP if active detainers are in place. If the detainer is removed, you may ask to be re-screened for RDAP.

Date BP-9 Issued: _____

_____
Correctional Counselor

_____
Unit Manager (Date)

Distribution:  If complaint is NOT informally resolved - Forward original attached to BP-9 Form to the Administrative Remedy Clerk.

EXHIBIT F

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | ZAVALUNOV, Eduard | 71712-054 | Brady | LSCI Allenwood |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** I requested to participate in RDAP and consideration for early release. I am a lawful permanent resident of the United States, a refugee, and stateless person who is statutorily eligible for RDAP. I am being denied entry into RDAP because I am under investigation for possible deportation according to the BOP, not ICE. ICE never requested a detainer. I requested a copy of the detainer request letter from the Records Department at the institution under FOIA however they have refused to provide me the information even though they added the detainer to my file. The records department has deprived me the opportunity to contest the information it may or may not have received from authorized authorities. I am not subject to deportation because I am a stateless person. Moreover, I am a lawful permanent resident meaning that I am eligible for RDAP because I will be able to complete all three phases of RDAP. A FOIA request through the BOP to the institution has revealed that infact ICE never sent this facility a request (I-247) to place a detainer on me, or the institution is violating FOIA by withholding it). Without documentation or a formal request from the authorities, I should not have a detainer. A review of the criteria for admission into RDAP provides: (1) verifiable substance use disorder; (2) inmate must sign an agreement acknowledging program responsibilities and (3) be able to complete all three components: (a) unit based, (b) follow-up, (c) community treatment. There is no evidence before the BOP that I will not be able to meet the eligibility criteria, nor is there any evidence that I will not be able to complete all three components of RDAP. As the records demonstrate, no warrant has been issued by any authority, signed by a Judge that I am subject to detention due to pending charges, nor has a warrant for removal been issued indicating that I will be deported. Given the above stated facts, it is indisputable I am eeligible for RDAP, able to complete all (3) components. The institution is unfairly denying me entry into RDAP and refusing to submit the necessary paperwork for a review for early release. I am statutorily eligible for RDAP. Remedy: submit my paperwork to DSCC for review and placement in RDAP/ RRC.

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B– RESPONSE**

See attached

| Rec'd 7/31/18 | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE

CASE NUMBER: 9508

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT |
|---|---|---|---|

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|

USP LVN

Administrative Remedy
ZAVALUNOV, Eduard
Reg # 71712-054

I requested to participate in RDAP and consideration for early release.  I am a
lawful permanent of the United States, a refugee, and stateless person.  I am being
denied entry into RDAP because I am under investigation for possible deportation.
I requested a copy of the detainer letter from the Records Department at the institution
under Freedom of Information Act however they have refused to provide me the information
even though they have added a detainer to my file.  The Records department has deprived
me the opportunity to contest the information it may or may not have received from
authorized authorities.

I am not subject to deportation because I am a stateless person.  Moreover,
I am a lawful permanent resident meaning that I am eligible for RDAP because I will be
able to complete all three phases of RDAP.

A review of the criteria for admission into RDAP provides: (1) a verifiable
substance use disorder; (2) inmate must sign an agreement acknowleding program respon-
sibility and (3) be able to complete all three components: (a) Unit based component,
(b) follow-up, (c) and community treatment.

There is no evidence before the BOP that I will not be able to meet the eligibility
criteria, nor is there any evidence that I will not be able to complete all three
components of RDAP.  As the records demonstrate, no warrant has been issued by any
authority, signed by a Judge that I am subject to detention due to pending charges,
nor has a warrant of removal been issued indicating that I will be deported.

Given the above stated facts, it is indisputable I am eligible for RDAP, able to
complete all (3) components.  The institution is unfairly denying me entry into RDAP,
and refusing to submit the necessary paperwork for a review for early release.

I am requesting to be placed in RDAP immediately, and my paperwork submitted to
DSCC to review for early release.

Zavalunov, Eduard
Reg. No.: 71712-054
Appeal Number: 950854-F1
Page 1

## Part B - Response

This is in response to your Request for Administrative Remedy
received on August 21, 2018, wherein you claim you are being
denied entry into the Residential Drug Abuse Program (RDAP)
because you have a detainer on you for possible deportation
charges with Bureau of Immigration and Customs Enforcement.

Please be advised you currently have a detainer lodged against you
from the Bureau of Immigration and Customs Enforcement. You may
contact BICE authorities at any time. Also, the RDAP Coordinator
will be the person you need to contact concerning entry into the
RDAP program.

This response if for informational purposed only.

If you are not satisfied with this response, you may appeal to the
Regional Director, Federal Bureau of Prisons, Northeast Regional
Office, U.S. Customs House, 2nd and Chestnut Streets, 7th Floor,
Philadelphia, Pennsylvania, 19106, within 20 calendar days of this
response.

_____8|31|18_____                    _____
Date                                 D. K. White, Warden

EXHIBIT G

U.S. Department of Justice             **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | ZAVALUNOV, Eduard | 71712-054 | BRADY | ALLENWOOD LOW |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I am seeking review of the A.W.'s refusal to remove a detainer placed without authorized documentation from ICE resulting in the denial of participation in RDAP and RRC placement. As a statutory right, I have a right to participate in RRC placement and RDAP. I have verfied through a FOIA request and through inspection of the institution files that ICE has never submitted any documentation required by BOP policy to lodge a detainer against an inmate, yet this institution has placed one without the authority requesting it. Moreover, there would be not fact ual basis for a detainer as I am a stateless person with no country to be removed to. As the records at Allenwood demonstrate there is no detainer from ICE or BICE nor was one requested. Had ICE requested a detainer, it would have provided an executive letter signed and requesting such detainer. Throughout the administrative remedy thus far, the institution does not dispute they do not have any documentation from ICE or BICE to put a detainer on me. Thus they have admitted they have no documentation.

Absent a request from the governing authority, no detainer should have been placed on my file. The detainer is depriving me of the possibility of being release early for participation in RDAP and/ or RRC placement. The detainer should promptly be removed so that I may be considered for RRC placement and/or RDAP. Consideration for RRC is a statutory right.

| 09.10 18 | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

Received
OCT 1 5 2018
Office
Warden's Office
Allenwood, PA

| DATE | | REGIONAL DIRECTOR |
|---|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE           CASE NUMBER: 950854R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

| DATE | | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|---|

UPN LVN         BP-230(13)
                     JUNE 2002

**ZAVALUNOV, Eduard**
Reg. No. 71712-054
Appeal No. 950854-R1
Page One

---

### Part B - Response

You appeal the decision of the Warden at LSCI Allenwood denying your admission into the Residential Drug Abuse Program (RDAP). You contend that the institution has erroneously placed a detainer on your file. You further claim the presence of a detainer has made you unqualified to participate in RDAP. You request admission into RDAP.

Program Statement 5330.11, <u>Psychology Treatment Programs</u>, states an inmate must be able to complete all three components of the program, including participation in community transition drug abuse treatment, in order to be qualified for RDAP. As indicated by the Warden, your current active detainer precludes participation in community transitional services (the third component of RDAP). If your detainer is lifted and you are able to participate in the community transition phase of the treatment, you may request again to be considered for participation in RDAP. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: October 12, 2018

J. RAY ORMOND
Regional Director

Received

OCT 1 5 2018

Warden's Office
LSCI Allenwood, PA

EXHIBIT H

Zavalunov 71712-054

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: ZAVALUNOV, EDUARD | 71712-054 | BRADY B | LSCI ALLENWOOD |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   I am seeking review of the Warden and Regional Director's refusal to address the illegal detainer placed on my file depriving me of the ability to participate in the Bureau's rehbailitative programs such as RDAP and RRC. As a statutory right I have the right to be considered for RRC and as a result of the illegal detainer placed on my file without documentation, I am unable to participate in Bureau programs. I have verified through A FOIA request and through the inspection of the institution files that ICE has never submtted any documentation required by BOP policy to lodge a detainer against an inmate, yet this institution has placed one without the authority requesting it. Moreover, there would be no factual basis for a detainer as I am a stateless person with no country to be removed to. As the records at Allenwood demonstrate there is no detainer from ICE or BICE nor was one request. Had ICE requested a detainer, it owuld have provided an executive letter, warrant of removvel or order of. removal disnged by an executive. Thoroughout the administrative remedy, the institution, nor the regional director has disputed that they do not have any documenion from ICE or BICE to put a detainer on me. They have admitted they have no documentation and instead of addressing the detainer issue, they are referring to removal of the detainer andf participating in RDAP. I should have no detainer on file, because none has been requested

The Detainer is without probable cause according to the Supreme Ct and should be promptly removed.

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B - RESPONSE**

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE                                              CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

USP LVN

PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

EXHIBIT I

BP-A0394
APR 10

## DETAINER ACTION LETTER

**U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS**

| TO:<br>ICE<br>P. O. Box 209<br>White Deer, PA 17887 | Institution<br>Low Security Correctional Institution Allenwood<br>P. O. Box 1500<br>White Deer, PA 17887 | |
|---|---|---|
| | **Date** | 10/16/2017 |
| **Case/Dkt#**<br>A805098956 | **Inmate's Name**<br>ZAVALUNOV | **Fed. Reg. No.**<br>71712-054 | **DOB/SEX/RACE**<br>08-05-1981  W/M |
| **Aliases** | **Other No.** | |

The below checked paragraph relates to the above named inmate:

☐  This office is in receipt of the following report: _____
Will you please investigate this report and advise what disposition, if any, has been made of the case.  If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer.  If you have no further interest in subject, please forward a letter indicating so.

☑  A detainer has been filed against this subject in your favor charging  that probable cause exists that the subject is a removable alien.
     This has been determined by DHS. _____. Release is tentatively scheduled for _____ 06/18/2020
     however,  we will again notify you no later than 60 days prior to actual release.  To check on an inmate's location, you may call our National Locator Center at:  202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.

☐  Enclosed is your detainer warrant.  Your detainer against the above named has been removed in compliance with your request.

☐  Your detainer warrant has been removed on the basis of the attached  _____
Notify this office immediately if you do not concur with this action.

☐  Your letter dated _____  requests notification prior to the release of the above named prisoner.  Our records have been noted.  Tentative release date at this time is _____.

☐  I am returning your _____ on the above named inmate who was committed to this
institution on _____ to serve _____ for the offense of
_____ .  If you wish your
_____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐  Other: _____

Sincerely,

(b)(6),(b)(7)(C)

Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy Central File (Section 1); Copy - Correctional Services Department

Prescribed by P5800

(Replaces BP-394(58) dtd MAR  03)

2018-06492 2 of 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EDUARD ZAVALUNOV,                       :

                    Plaintiff,          :

                                        :

     v.                                 :        Civil Action No. _____

                                        :

DOUGLAS K. WHITE, et al.                :

                    Defendant(s),       :

                                        :

MOTION TO SUPPLEMENT COMPLAINT WITH CLASS ACTION ALLEGATION

Plaintiff, Eduard Zavalunov, hereby respectfully submits this Motion to Supplement his complaint by adding a class action certification.  Plaintiff expects other individuals whom are similarly situated will join the litigation on their own.

1.  The Plaintiff in this action submitted a Complaint for violation of his civil rights by the defendants by improperly placing detainers without documentation or demonstrate that the individuals pose a risk of flight to deny them RRC placement and other liberty interests.

2.  At Allenwood, there are 100's of similarly situated inmates whom are being denied due process, RRC placement among other liberty interest violations and statutory law whom are affected by this litigation, hence Plaintiff is opening up the opportunity of this indigent and limited knowledge individuals to seek relief through this litigation.

CLASS ALLEGATION

3.  This action is brought as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all indiivudals and entities who have suffered the legal wrong based on the Defendant's pattern of practice of abuse of authority and ultra vires conduct.

4.  This case is properly maintainable as a class action because:
     a.  the class of whose benefit this action is brought is so numerous that joinder of all class members is impracticable;

    b.   there are questions of law and fact common to the class that predominate over any questions affecting only individual members.

    c.   The claims of the representative parties are typical of the claim of the claims of the class;

    d.   the representative parties will fairly and adequately protect the interests of the class; and

    e.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

WHEREFORE, the PLaintiff(s) pray this Court certify this action as a class action and allow this supplement to be considered as part of the complete pleadings and previously submitted complaint and allow this action to promptly go forward.

Respectfully submitted this 18th day of December, 2018.

s/ Eduard Zavaluov

December 18, 2018

United States District Court
Office of the Clerk
Middle District of Pennsylvania
235 N. Washington Avenue
Scranton, PA 18501-1148

     Re:  New Case Filing - Civil Rights

Dear Clerk:

     Please find enclosed a suit for filing.  It is a civil rights suit for violations of the Fourth, Fifth, 14th Amendments to the Constitution among other violations.

     It is in a sense a refiling of a case based on the court order in case number 3:18-cv-2152 which was docketed as a 28 USC 2241.

     Please process this matter as soon as possible.  Enclosed you will also find an Informa Pauperis form with my account statement to proceed with the matter.

     I am also seeking an injunction in the interim until this matter can be fully litigated.  It is anticipated this will become a class action litigation.

     Should you have any questions or concerns, please do not hestitate to contact me at the address below.

     Respectfully,

     /s/ Eduard Zavalunov

          Eduard Zavalunov , Reg #71712-054
          LSCI Allenwood
          P O Box 1000
          White Deer, PA 17887

EDUARD ZAVALUNOV,

            Pla│

    v.

DOUGLAS K. WHITE - WA│
FEDERAL BUREAU OF PRI│
JOHN DOE #1 - CURRENT│
IMMIGRATION AND CUST│

         Def│

      VERIFIED CO│
      PETITION FOR│

     Plaintiff, Eduard│
relief against Defendar│
(hereinafter "Warden"),│
Doe #01 - Current Direc│
"ICE"), and its officer│
capacity (cllectively "│

     Plaintiff alleges t│
upon information and bel│

    **1.**   This is an act│
5 U.S.C. § 701, et seq.,│
Constitution, Writ of Ha│
28 U.S.C. § 1343, the Dec│
Federal Rule of Civil Prc│

ZAVALUNOV, Eduard
#71712-054
Allenwood Low Security
Correctional Institution
PO Box 1000
White Deer, PA 17887



Un│
Of│
Mi│
23│
Sc│