IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARD ZAVALUNOV, | Civil No. 3:18-cv-2438 |
| Plaintiff | (Judge Mariani) |
| v. | |
| WARDEN DOUGLAS K. WHITE, *et al.*, | |
| Defendants | |

**MEMORANDUM**

I. **Background**

Plaintiff Eduard Zavalunov ("Zavalunov"), an inmate currently confined at the Allenwood, Low Security Correctional Institution ("LSCI-Allenwood") in White Deer, Pennsylvania, initiated this action pursuant to *Bivens*, 28 U.S.C. § 1331. (Doc. 1). Named as Defendants are Warden Douglas K. White, the Federal Bureau of Prisons ("BOP"), and John Doe. By Memorandum and Order dated February 13, 2020, the Court granted a motion to dismiss and for summary judgment filed by Defendants White and the BOP. (Docs. 30, 31).

On February 10, 2020, the Court Ordered Zavalunov to show cause why the action against the John Doe Defendant should not be dismissed pursuant to Federal Rule of Civil procedure 4(m). (Doc. 29). Zavalunov failed to reply to the Order and the time for

responding has now passed. For the reasons set forth below, the Court will dismiss the action against the John Doe Defendant.

## II. Discussion

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The John Doe Defendant was named in the complaint that was filed on December 26, 2018 and, to date, has not been identified or served in this case. The Court must engage in a two-step process in determining whether to dismiss the non-served Defendant or grant Zavalunov additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the

plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Zavalunov failed to establish good cause. As a threshold matter, the Court notes that Zavalunov's *pro se* status is not good cause to excuse his failure to timely identify and serve this Defendant. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Zavalunov that the action against the John Doe Defendant was subject to dismissal, and directed him to show cause why the action against this Defendant should not be dismissed pursuant to Rule 4(m). (Doc. 28). Zavalunov failed to respond to the Court Order. Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Zavalunov failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). It is Zavalunov's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (*See* Doc. 8, ¶ 9) (advising Zavalunov that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Zavalunov's lack of good faith effort to identify or serve the John Doe Defendant despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-identified, non-served Defendant will be dismissed from this action.

## III. Conclusion

For the reasons set forth above, the Court will dismiss the action against the John Doe Defendant pursuant to Federal Rule of Civil Procedure 4(m). The Court will also close this action.

Dated: March 2, 2020

Robert D. Mariani
United States District Judge